**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04 CR 531-8 |
| ) | |
| **STANLEY LOMAX**, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

On August 4 Stanley Lomax ("Lomax") filed a pro se "Motion For Reduction of Sentence Pursuant To 18 U.S.C. §3582(c)(2)" ("Motion"), arguing that the 308-month sentence that had been imposed on him almost exactly nine years ago (on August 29, 2005) was excessive because a seven-level enhancement to the offense level under the Sentencing Guidelines had assertedly violated Amendment 599 to those Guidelines and had led to an excessive sentence.[1] This Court had no recollection at all of Lomax or of the case itself -- something that it found surprising in a case that was "just" nine years old, and particularly because this Court has so rarely imposed criminal sentences exceeding 25 years despite its three-decades-plus tenure on the bench.

After considering Lomax's Motion, this Court issued an August 14 memorandum order, in part stating accurately that it "has not retained any chambers file on a disposed-case of this vintage" and concluding by ordering that the case and Lomax's Motion be assigned to an Assistant United States Attorney with a direction to retrieve the relevant portions of the case file and to file a response to Lomax's Motion on or before September 3 if at all possible. That Motion has been complied with through the August 27 filing of a "Government Response to

---

[1] August 2005 was of course in the pre-Booker era.

Defendant's Motion for Reduction of Sentence Pursuant to 18 USC §3582(c)(2)" ("Government's Response"). It turned out from that filing that the reason for this Court's inability to recall the case was that it had not been its own case at all -- instead the sentencing judge was this Court's then colleague Honorable David Coar, who has since left the bench.

More importantly, though, the Government's Response revealed that Lomax had simply been wrong in his criticism of the asserted seven-level enhancement, with the government's submission being accompanied by copies of (1) Judge Coar's Judgment in a Criminal Case, (2) the United States' August 26, 2005 Position Paper on Lomax's Offense Level Calculations and (3) most significantly, the Probation Officer's September 1, 2005 Statement of Correction, which began in this fashion (emphasis added):

> On August 29, 2005, during the sentencing hearing on the above-named individual, the Court found that a seven level enhancement for discharging a firearm in Count Ten is not applicable, due to the fact that Mr. Lomax pled guilty to Count Eleven (violation of 18 U.S.C. §924(c)).

That Statement of Correction also added that the potential seven-level adjustment was totally irrelevant because Lomax had been sentenced as a career offender, which took the calculation of levels applicable to the individual counts of conviction out of play.

In summary, Lomax's Motion is grounded on a wholly mistaken assumption. It is denied.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 3, 2014